IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAHAB AZIZ, #A29060923,   *
    Petitioner
                                        *
    v.                                       CIVIL ACTION NO. WDQ-05-570
                                        *
MICHAEL CHERTOFF, et al.,
    Respondents   *
                                       ******

**MEMORANDUM**

       Wahab Aziz is being held in Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") custody at the St. Mary's County Detention Center in Maryland awaiting deportation. On February 28, 2005, he filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, through counsel, claiming that his continued ICE detention violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

       Respondent[1] has filed a Return and Motion to Dismiss as well as a Notice of Intent to Remove. Paper Nos. 3 and 5. Petitioner has not filed a Traverse. No oral argument is necessary because the parties have fully briefed the issues. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

I. Background

       Petitioner is a native and citizen of Afghanistan. He arrived in New York, New York on January

---

      [1]     The Clerk shall be directed to substitute Timothy K. Cameron, Warden, St. Mary's County Detention Center as Respondent. *Rumsfeld v. Padilla*, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (June 28, 2004) (the proper Respondent to a "pure detention" Petition for Writ of Habeas Corpus by a detained alien is the warden of the detention facility where the alien is detained.)

25, 1989, without any document that would allow his admission to the United States. Petitioner was detained and immediately placed into exclusion proceedings charged with being inadmissable to the United States for being an intending immigrant, not in possession of valid documents, and for misrepresenting a material fact.  Paper No. 3, Ex. A.  Petititioner was subsequently released after filing applications for asylum and withholding of deportation.  Paper No. 1.  After a hearing on Petitioner's asylum application, held on May 9, 1989, the Immigration Judge ("IJ") found Petitioner inadmissable as charged and his applications for asylum and withholding of deportation were denied.  Petitioner was ordered excluded and deported from the United States.  Paper No. 3, Ex. B.  Petitioner's appeal of the IJ's decision was dismissed by the Board of Immgiration Appeal ("BIA") on September 26, 1989.  Paper No. 3, Ex. C.  On May 3, 1990, upon application of Petitioner, his case was reopened by the BIA and the case was remanded to the IJ for further review. Paper No. 3, Ex D.  On remand, the IJ again denied Petitioner's applications for asylum and withholding of deportation and ordered Petitioner excluded and deported.  *Id*., Ex. E.  Petitioner's timely appeal of the IJ's decision was dismissed on June 30, 1998.  *Id*., Ex. F.  Petitioner filed a second Motion to Reopen, which was granted by the BIA, and the case was again remanded to the IJ for further proceedings.  *Id.*, Ex. G.  Petitioner failed to appear for the hearing before the IJ and the IJ again ordered Petitioner excluded and deported. *Id.*, Ex. H and Paper No. 1.  Petitioner's appeal of the IJ decision was dismissed by the BIA. *Id*. Ex. J.

Petitioner was taken into ICE custody on or about August 31, 2004. Paper No. 1.  A custody review on December 16, 2004, resulted in Petitioner's detention being continued.  *Id.*  Petitioner was deemed a flight risk based on his conviction for assault with intent to cause serious injury with a weapon and his failure to appear in immigration court on two separate occasions.  Paper No. 3, Ex. K.  On April

2

7, 2005, the Embassy of Afghanistan issued the necessary travel documents to effectuate Petitioner's deportation. *Id.*, Ex. L.   Petitioner is scheduled to be deported sometime the week of May 8, 2005. Paper No. 5.

## II. Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.[2]  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future.  To the contrary, Respondent's recent filings with the Court, evidencing that the necessary travel documents have been received and that Petitioner's deportation to Afghanistan is now imminent, refute any such contention and render Petitioner's habeas challenge to his post-order detention under *Zadvydas* moot.

---

[2]The Supreme Court has recently held the *Zadvydas* applies to aliens, like Petitioner, who were found to be inadmissible.  *Clark v. Suarez-Martinez*, ___ U.S. ___, 125 S.Ct. 716, 722 (Jan. 12, 2005).

III. Conclusion

In light of the foregoing the Petition for Habeas Corpus relief shall be dismissed. A separate Order follows.

April 28, 2005                                /s/
   Date                              William D. Quarles, Jr.
                                     United States District Judge